**Robert CORT, Plaintiff,**

**v.**

**AMERICAN ARBITRATION ASSOCIATION and Does 1 Through 12, Defendants.**

**No. C 91–4316 BAC.**

United States District Court,
N.D. California.

March 10, 1992.

Robert Cort, pro se.

John S. Warnlof, Nelson, Warnlof & Vencill, San Ramon, Cal., for defendants.

## OPINION AND ORDER

CAULFIELD, District Judge.

Plaintiff Robert Cort sued the American Arbitration Association ("AAA") for damages arising out of AAA's handling of his case arbitration. AAA moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). For reasons discussed fully below, defendant's motion is GRANTED.

## FACTS

For purposes of this motion, the allegations contained in plaintiff's complaint are accepted as true. Plaintiff's complaint asserts causes of action for spoliation of evidence, breach of contract, and negligence. In December, 1987, plaintiff and his wife entered into a contract with Angotti & Reilly, Inc. which required that all disputes between the parties arising out of or relating to the contract were to be arbitrated pursuant to the Construction Industry Arbitration Rules of the AAA.

In April, 1990, Angotti & Reilly filed a demand for arbitration. The arbitration hearings were conducted between April 16 and December, 1990. Plaintiff subsequently appealed the arbitration award in San Francisco Superior Court. After receiving an unfavorable judgment in that court, plaintiff appealed the matter to the California Court of Appeals. During the course of the appeal, plaintiff demanded that defendant AAA return to him exhibits filed in connection with the arbitration. In this action, plaintiff contends that defendant refused to turn over the exhibits. Plaintiff also contends that the basis for defendant's refusal was the fact that the original documents produced at the arbitration had been lost or altered by the arbitrators. Said refusal forced plaintiff to settle his appeal. As a result of being forced to settle, plaintiff allegedly incurred substantial damages in the form of debts, expenses and other monetary, emotional and physical damages.

## DISCUSSION

■ Ninth Circuit and California courts have generally recognized that the doctrine of judicial immunity is applicable to the arbitration process.[1] The arbitral immunity is not limited to the individual arbitrators. It has been uniformly accepted that such immunity extends to arbitration associations such as the AAA as well. *Corey v. N.Y.S.E.*, 691 F.2d 1205, 1211 (6th Cir. 1982).[2]

It has been recognized that the threat of civil liability can have a chilling effect on governmental officials in the proper performance of their duties. *Forrester v. White*, 484 U.S. 219, 223, 108 S.Ct. 538, 542, 98 L.Ed.2d 555, (1988). Accordingly, various forms of official immunity have been recognized to insure the independence necessary to protect the decision maker

---

1. *See Coopers & Lybrand v. Superior Court*, 212 Cal.App.3d 524, 534–536, 260 Cal.Rptr. 713 (1989). *See also Wasyl, Inc. v. First Boston Corp.*, 813 F.2d 1579 (9th Cir.1987).

2. Plaintiff also argues that immunity is available only to the arbitrator, not the arbitration association. In support of this argument, plaintiff cites to *Baar v. Tigerman*, 140 Cal.App.3d

979, 211 Cal.Rptr. 426 (1983), a case expressly overturned by California Code of Civil Procedure § 1280.1. (*See Coopers & Lybrand v. Superior Court*, 212 Cal.App.3d 524, 260 Cal.Rptr. 713 (1989), in which the same appellate panel that decided *Baar* subsequently held that § 1280.1 was intended to overturn *Baar*.)

from bias or intimidation arising out of the exercise of judicial functions. *Butz v. Economou,* 438 U.S. 478, 508–511, 98 S.Ct. 2894, 2911–13, 57 L.Ed.2d 895 (1978).

■ The same independence is deemed necessary with respect to arbitrators. The parties choose to submit to the arbitration process. Therefore, "[b]y agreement, the parties invoked the arbitrators' independent judgment and discretion." *Corey v. N.Y.S.E.,* 691 F.2d 1205, 1209 (6th Cir. 1982). In order to encourage independent judgment, the arbitration process is granted immunity because "[t]he functional comparability of the arbitrator's decision making process and judgments to those of judges ... generates the same need for independent judgment free from the threat of lawsuits. Immunity furthers this need." *Id.* at 1211, as cited in *Austern v. The Chicago Board Options Exchange Inc.,* 716 F.Supp. 121, 124 (S.D.N.Y.1989), *aff'd,* 898 F.2d 882 (2nd Cir.1990).

■ Generally, judicial immunity is immunity from suit, which can only be overcome in one of two circumstances: first, where the judge (or arbitrator) is engaged in nonjudicial actions; and second, where the judge's actions are taken in the absence of any jurisdiction. *Mireles v. Waco,* —— U.S. ——, ——, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991).

■ Plaintiff argues that the arbitral immunity is not available to AAA because the acts complained of—spoliation of evidence, breach of contract and negligence—are all non-judicial acts which fall outside of the scope of the arbitral immunity. However, it is clear from an examination of some of

the allegations contained in plaintiff's complaint that his action is an attempt to escape the arbitral immunity bar.[3]

Plaintiff attempts to couch defendant's activities in choosing arbitrators as an administrative decision which does not warrant immunity. Plaintiff's arguments ignore both the rationale behind such immunity and the distinction between judicial and nonjudicial acts. The *Corey* court has already rejected such a distinction. In *Corey,* appellants challenged, among other things, the arbitration board's selection of arbitrators in violation of its own rules, an allegation strikingly similar to that advanced by plaintiff here. In rejecting this argument, the *Corey* court stated:

> Extension of arbitral immunity to encompass boards which sponsor arbitration is a natural and necessary product of the policies underlying arbitral immunity; otherwise the immunity extended to arbitrators is illusory. It would be of little value to the whole arbitral procedure to merely shift the liability to the sponsoring organization.

691 F.2d at 1211.

In *Austern v. Chicago Bd. of Options Exchange, Inc.,* 898 F.2d 882 (2nd Cir.1990) appellants argued that their cause of action against the arbitration board for improper notice and scheduling of the arbitration proceedings and improper selection of arbitrators did not fall under the doctrine of judicial immunity. Appellants attempted to distinguish judicial or discretionary duties and "ministerial" or administrative activities. In rejecting appellant's arguments, the court held that "semantically categoriz-

*Breach of Contract*

19. Although initial negotiations as to the scope and content of arbitration proceedings was discussed orally and in writing, ... it was ultimately offered by the American Arbitration Association to arbitrate the matter, which Mr. and Mrs. Cort and Angotti & Reilly, Inc. accepted.
20. As an inducement to said offer, the American Arbitration Association agreed to follow the rules as set out in the attached Exhibit E....
21. Further, the American Arbitration Association promised to give effect to the terms of the agreement entered into by Angotti & Reil-

ly, Inc. and Mr. and Mrs. Cort as memorialized in part by the contract between the Cort's and Angotti & Reilly, Inc.

*Negligence*

33. The American Arbitration Association has failed to screen the applicant arbitrator in this case, and later the employee arbitrator in this case to determine his qualifications or competency to serve as arbitrator for a matter of this complexity.
34. The arbitrator in fact admitted during the arbitration that if he was aware of the complexity of this matter he would have had it assigned for prearbitration discovery and other prearbitration remedies.

ing the challenged acts as 'ministerial' or administrative, as opposed to 'discretionary,' in large part misses the mark, since the scope of arbitral immunity is 'defined by the functions it protects and serves' ". *Id.* at 886.

It is the view of this court that the acts complained of fit precisely in the category of acts which have traditionally enjoyed absolute judicial immunity. Plaintiff complains of defendant AAA's actions in handling his arbitration proceeding. As the Supreme Court noted in *Forrester v. White*, 484 U.S. at 226, 108 S.Ct. at 544:

> "[w]hen applied to the paradigmatic judicial acts involved in resolving disputes between parties who have invoked the jurisdiction of a court, the doctrine of absolute immunity has not been particularly controversial. Difficulties have arisen primarily in attempting to draw the line between truly judicial acts, for which immunity is appropriate, and acts that simply happen to have been done by judges."

The acts complained of by plaintiff clearly fall into the category of acts performed during the course of resolving a dispute between the parties.

 The court's holding is also supported by the recognized basis for the arbitral immunity. The arbitral immunity has a two-fold goal; to protect arbitrators from suit, and to ensure that there is a body of individuals willing to perform the service. In passing Section 2 of the Federal Arbitration Act, 9 U.S.C. §§ 2, 3, 4, Congress intended to liberalize "federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). Therefore, the court reasoned, to impose liability upon the board for claims asserted by appellant would "merely serve to discourage its sponsorship of future arbitrations—a policy strongly encouraged by the Federal arbitration Act." 898 F.2d at 886.

Finally, plaintiff argues that AAA's actions with respect to the handling of this matter have denied him due process of law. It should be noted that plaintiff has not asserted a claim under the Due Process Clause of the Constitution. Even if he had done so, however, such a claim would be deficient. The protection of the Fourteenth Amendment extends only to scrutiny of state actions. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349, 95 S.Ct. 449, 452, 42 L.Ed.2d 477 (1974). As the acts of AAA did not constitute "state action", plaintiff cannot state a claim for violation of his due process rights.

Accordingly, plaintiff's first, second and third causes of action are DISMISSED for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.