855 F.Supp. 122 (1994)
James E. SHRADER, Plaintiff,
v.
The NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., Deborah A. Masucci, Leonard J. Amoruso, William A. Bonilla, Donald L. Bruton, Richard Allen Kaye, George E. Coleman, Jr., and John Doe, Defendants.
No. 93-473-CIV-5-BO.
United States District Court, E.D. North Carolina, Raleigh Division.
June 9, 1994.
James E. Shrader, pro se.
Cory Hohnbaum, Kiran H. Mehta, George C. Covington, Kennedy, Covington, Lobdell & Hickman, Charlotte, NC, for defendants.

ORDER
TERRENCE WILLIAM BOYLE, District Judge.
This case is before the Court on motion of the defendants to dismiss, pursuant to Rule 12 of the Federal Rules of Civil Procedure. The defendants contend that the plaintiff's claims are barred by their immunity from suit and that the plaintiff has failed to state a claim against them. Also, the defendants plead the bar of collateral estoppel based on the previous decision of these claims against *123 the plaintiff. For the foregoing reasons, the motion to dismiss is allowed.
This Court has jurisdiction pursuant to 28 U.S.C. § 1332 based on the diverse citizenship of the parties. The plaintiff and his wife had a securities account with a broker named The Pinnacle Group, Inc. ("Pinnacle"). As a result of investment transactions, the plaintiff lost money and brought a claim against Pinnacle. The parties to that claim were governed by an arbitration agreement. The plaintiff submitted an application to the National Association of Securities Dealers ("NASD") to conduct an arbitration of the dispute with Pinnacle. The NASD agreed to administer the arbitration. Arbitrators, Donald L. Bruton ("Bruton"), Richard Allen Kaye ("Kaye"), and George E. Coleman ("Coleman"), were commissioned to conduct the arbitration. The arbitrators heard evidence for two days and rendered an award in favor of Pinnacle on its counterclaim against the plaintiff, denying the plaintiff any recovery on his claim.
Pinnacle moved to confirm the arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 9, 10. The plaintiff made a motion to vacate the award under the Arbitration Act. The issue was heard in the Superior Court of Mecklenburg County, North Carolina. After hearing, the Court granted Pinnacle's motion to confirm the award and denied the plaintiff's motion to vacate the award. Thereafter, the plaintiff appealed that decision from the Mecklenburg County Superior Court to the North Carolina Court of Appeals which affirmed the lower court's ruling. The plaintiff was represented by counsel throughout all stages of the arbitration and proceedings and Superior Court and North Carolina Court of Appeals.
Throughout those proceedings, the plaintiff objected to evidentiary rulings and the admission of certain evidence, all having to do with the authentication and reliability of audio tapes involving alleged trades on the plaintiff's behalf.
The arbitrators heard argument and considered the evidence having to do with the admissibility of these tapes and made rulings in that regard. These rulings were reviewed in the Mecklenburg County Superior Court, as well as the North Carolina Court of Appeals. The evidentiary rulings were adverse to the plaintiff.
Now the plaintiff brings this action seeking to sue not only the arbitrators, but the National Association of Securities Dealers, the institution which provides the arbitration forum, and its employees, Deborah Masucci ("Masucci"), the Director of Arbitration, Leonard Amoruso ("Amoruso"), a staff attorney handling this arbitration, and William Bonilla ("Bonilla"), another NASD employee who was involved in the arbitration matter.
The plaintiff claims that everyone associated with his arbitration conspired against him to deprive him of a fair hearing because of the evidentiary rulings during the arbitration hearing. The plaintiff sought production of the original tape of his securities trades, contending that the evidence at the arbitration hearing could have been altered.
The arbitrators required the propounders of the tape to verify its authenticity, to provide sworn testimony as to its chain of custody, and required the plaintiff to proffer some evidence of tampering or alteration of the tape in order to justify production of the original tape. The plaintiff failed to make any showing that the tape was altered, and there is no showing of any external misconduct that would impeach the integrity of these evidentiary rulings at the hearing and on review in the North Carolina courts. Moreover, the arbitration panel was within its authority to make evidentiary rulings on the authenticity and reliability of this evidence.
While this is a matter of first impression, it does not mean that the Court is restrained from deciding the issue and applying the appropriate rule of substantive law that the courts of North Carolina would apply in this instance. Since the parties are before this Court on diversity of citizenship, the Court must apply North Carolina substantive law to these claims.
The Court is satisfied that the doctrine of judicial immunity is sufficiently well-developed under North Carolina substantive law to encompass the facts of this case and to *124 afford the arbitrators and those in support thereof who are defendants in this case, arbitrator immunity, which will exempt them from civil liability for their activities as arbitrators within the course and scope of the arbitration proceeding.
This immunity, called arbitral immunity, applies specifically to the three arbitrators in this case, Bruton, Kaye and Coleman, and to the National Association of Securities Dealers, Inc. by inference, which is the forum for the arbitration.
The immunity recognized here arising from the arbitration process is broad enough to cover Masucci, Amoruso, and Bonilla, employees of the NASD for these claims against them originating exclusively from their performance of duties within the course and scope of the arbitration proceeding.
Consequently, all of the plaintiff's claims against these defendants are preclusively barred by the defense of arbitral immunity.
The remaining defenses raised by the defendants would also be allowed if the plaintiff's claims survived the bar of immunity. The complaint fails to state a claim as to any of the defendants. There is no showing of conspiracy, based on the allegations of the plaintiff. Likewise, the plaintiff's claims for civil rights relief under 42 U.S.C. § 1983 would fail since no defendant is a state actor that would entitle the plaintiff to prosecute a claim for civil rights relief.
The defense of collateral estoppel would also act to bar the further prosecution of these claims by the plaintiff. The issues in this case are precluded by the prior adverse decision of the arbitration panel and the North Carolina courts against the plaintiff on facts underlying the very claims in this case.
Accordingly, the Defendants' Motion to Dismiss is ALLOWED in its entirety.