51 F.3d 157
 67 Fair Empl.Prac.Cas. (BNA) 577,
66 Empl. Prac. Dec. P 43,511
Ernest D. OLSON, also known as Bud Olson, Appellant,
v.
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., a corporation;
Michael Putnam, an individual, Appellees.
 No. 94-2012.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 12, 1994.
Decided March 31, 1995.
 
 John Burke of Sioux Falls, SD, argued, for appellant.
 Steven R. Anderson, Minneapolis, MN, argued, for appellee.
 Before RICHARD S. ARNOLD, Chief Judge, FAGG, Circuit Judge, and WILSON,* District Judge.
 FAGG, Circuit Judge.
 
 
 1
 Ernest D. Olson filed this age discrimination case against his former employer, Merrill Lynch, Pierce, Fenner & Smith, Inc., and his former supervisor, Michael Putnam. Merrill Lynch and Putnam moved to compel arbitration and the district court granted the motion. The parties then submitted the dispute to arbitration before the National Association of Securities Dealers (NASD). A panel of three arbitrators decided in favor of Merrill Lynch and Putnam. Olson later learned two of the arbitrators failed to disclose that their employers had ongoing business relationships with Merrill Lynch and that their employers used the same law firm as Merrill Lynch. Olson moved to vacate the arbitration decision under 9 U.S.C. Sec. 10(a)(2) (Supp. V 1993) arguing the nondisclosure showed evident partiality in the arbitrators. Because Olson had not shown any direct relationship between the arbitrators themselves and Merrill Lynch or the law firm, the district court denied Olson's motion and entered judgment confirming the arbitration decision. Olson appeals. We reverse.
 
 
 2
 Under 9 U.S.C. Sec. 10(a)(2), the district court may vacate an arbitration award if "there was evident partiality ... in the arbitrators." The leading case on evident partiality is Commonwealth Coatings Corp. v. Continental Casualty Co., 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968). In Commonwealth Coatings, the Supreme Court held an arbitrator's nondisclosure of a close business relationship with a party to the arbitration showed evident partiality warranting vacation of the arbitration decision, despite the absence of actual bias on the arbitrator's part. Id. at 147-50, 89 S.Ct. at 338-40. The arbitrator had failed to disclose that he had conducted a large business in which he served as an engineering consultant, and one of his customers was a party to the arbitration. Id. at 146, 89 S.Ct. at 338. Although the patronage was sporadic, it was repeated and significant, involving fees of about $12,000 over a period of four or five years. Id. In condemning the nondisclosure, a majority of the Supreme Court stated arbitrators must "avoid even the appearance of bias," id. at 150, 89 S.Ct. at 340, and must "disclose to the parties any dealings that might create an impression of possible bias," id. at 149, 89 S.Ct. at 339. The Court reasoned that although "arbitrators cannot sever all their ties with the business world," courts should be "scrupulous to safeguard the impartiality of arbitrators ... since [arbitrators] have completely free rein to decide the law as well as the facts and are not subject to appellate review." Id. at 148-49, 89 S.Ct. at 339. Justice White wrote a concurring opinion, in which Justice Marshall joined, expressly joining the majority opinion and adding that arbitrators must disclose a business relationship if the arbitrator has a substantial interest in a firm that does more than trivial business with a party. Id. at 150-52, 89 S.Ct. at 340-41.
 
 
 3
 Because the concurring opinion presents an arguably narrower standard and the votes of concurring Justices White and Marshall were needed to create a majority, there is some uncertainty among the courts of appeals about the holding of Commonwealth Coatings. See Schmitz v. Zilveti, 20 F.3d 1043, 1046-47 (9th Cir.1994); Morelite Constr. Corp. v. New York City Dist. Council Carpenters Benefit Funds, 748 F.2d 79, 83-84 & n. 3 (2d Cir.1984); Merit Ins. Co. v. Leatherby Ins. Co., 714 F.2d 673, 681-82 (7th Cir.), cert. denied, 464 U.S. 1009, 104 S.Ct. 529, 78 L.Ed.2d 711 (1983). We need not sort out this uncertainty to decide Olson's case, however.
 
 
 4
 Olson asserts arbitrator Hentges's failure to disclose his job titles and his employer's business relationship with Merrill Lynch shows Hentges's evident partiality. Had the information been disclosed, Olson could have used his peremptory challenge to remove Hentges from the arbitration panel. In the disclosure form submitted to the NASD, Hentges stated only that he was currently employed by Miller & Schroeder Financial, Inc. (M & S). Hentges did not disclose that he is vice-president, chief financial officer, and compliance officer for M & S, an investment firm that underwrites and sells municipal bonds, or that his firm does a substantial amount of business with Merrill Lynch. As Merrill Lynch's affidavits explain, M & S enters into underwriting syndicates with Merrill Lynch and other securities firms, that is, the firms agree to purchase all of a particular bond issue for the purpose of marketing the bonds to investors. Of 225 bond issues managed by M & S between January 1, 1992 and August 31, 1993, Merrill Lynch served as a joint underwriter in 17 issues, which amounted to nearly 26% of the total face value of the bonds managed or co-managed by M & S during that time.
 
 
 5
 We conclude Hentges was required to disclose the business relationship between M & S and Merrill Lynch under both the majority opinion and the concurrence in Commonwealth Coatings. Although Hentges was not personally involved in bond deals or in selecting other securities firms to participate in syndicates, Hentges had a substantial interest in M & S as a high ranking officer, and M & S did more than trivial business with Merrill Lynch. See Commonwealth Coatings, 393 U.S. at 151-52, 89 S.Ct. at 340-41 (concurring opinion). The relationship "create[s] an impression of possible bias." Id. at 149, 89 S.Ct. at 339 (majority opinion). Further, other courts have held an arbitrator's failure to disclose business dealings between the arbitrator's employer and a party to the arbitration could show evident partiality. E.g., Sanko S.S. Co. v. Cook Indus., Inc., 495 F.2d 1260, 1261-65 (2d Cir.1973). Having reviewed the issue de novo, see Schmitz, 20 F.3d at 1045, we conclude the undisclosed, undisputed facts show evident partiality on Hentges's part.
 
 
 6
 Our view is especially fair because it realizes the terms of the parties' arbitration agreement in this case. Section 23 of the NASD arbitration rules, which the parties agreed would govern the arbitration proceedings, requires arbitrators to disclose, among other things, any existing or past financial, business, or professional relationships that "might reasonably create an appearance of partiality or bias." Under section 23, the duty of disclosure expressly extends to arbitrators' indirect relationships, specifically including those between the arbitrators' current employers and any arbitration party or its counsel. Indeed, courts have recognized arbitrators should disclose even indirect ties with parties before arbitration begins. Sanko, 495 F.2d at 1264. This gives the parties, who are in the best position to judge an arbitrator's partiality, a chance to reject or accept an arbitrator with full knowledge of the arbitrator's connections. Id.; see Commonwealth Coatings, 393 U.S. at 151, 89 S.Ct. at 340 (concurring opinion) (encouraging "frankness at the outset").
 
 
 7
 In sum, we conclude arbitrator Hentges's nondisclosure of his high ranking positions within M & S and the company's business relationship with Merrill Lynch requires vacating the arbitration award under 9 U.S.C. Sec. 10(a)(2). See Schmitz, 20 F.3d at 1049 (evident partiality in one arbitrator generally requires vacation of arbitration award). Having vacated the arbitration award on this basis, we need not consider Olson's other arguments. We reverse the district court and remand for further proceedings consistent with this opinion.
 
 
 
 *
 The HONORABLE WILLIAM R. WILSON, United States District Judge for the Eastern District of Arkansas, sitting by designation