_____

No. 95-3579SD
_____

Ernest D. Olson (Bud),                    *
                                          *
              Appellant,                  *
                                          *   Appeal from the United States
      v.                                  *   District Court for the District
                                          *   of South Dakota.
National Association of                   *
Securities Dealers, a                     *
Corporation; Edward J. Hentges,           *
an individual,                            *
                                          *
              Appellees.                  *
                                     _____

                    Submitted:  April 11, 1996

                     Filed:  June 7, 1996
                                     _____

Before McMILLIAN, JOHN R. GIBSON, and FAGG, Circuit Judges.
                                     _____

FAGG, Circuit Judge.


       This is Ernest D. Olson's second federal appeal arising from
contractually required arbitration of his age discrimination action against
his former employer.  After a panel of arbitrators sponsored by the
National Association of Securities Dealers (NASD) decided in the employer's
favor, Olson learned one of the arbitrators, Edward J. Hentges, had an
ongoing business relationship with the employer.  Olson asked the district
court to vacate the arbitration decision, contending the arbitrator's
failure to disclose the relationship showed "evident partiality."  See 9
U.S.C. § 10(a)(2) (1994).  The district court denied Olson's motion, but
we agreed with Olson and reversed.  Olson v. Merrill Lynch, Pierce, Fenner
& Smith, Inc., 51 F.3d 157 (8th Cir. 1995).  Before arbitrating his age
discrimination claim again, however, Olson filed this separate lawsuit
against the NASD for its

appointment of Hentges. Olson alleges breach of contract, fraudulent misrepresentation, negligent processing of arbitration, gross negligence, breach of warranty, and intentional infliction of emotional distress. Olson also brought claims against Hentges. The district court dismissed Olson's complaint, holding the NASD was immune from liability and the court lacked personal jurisdiction over Hentges. Olson appeals the dismissal of his claims against the NASD, and we affirm.

Because an arbitrator's role is functionally equivalent to a judge's role, courts of appeals have uniformly extended judicial and quasi-judicial immunity to arbitrators. Austern v. Chicago Bd. Options Exch., Inc., 898 F.2d 882, 886 (2d Cir.), cert. denied, 498 U.S. 850 (1990); Wasyl, Inc. v. First Boston Corp., 813 F.2d 1579, 1582 (9th Cir. 1987); Ozark Air Lines, Inc. v. National Mediation Bd., 797 F.2d 557, 563-64 (8th Cir. 1986); Corey v. New York Stock Exch., 691 F.2d 1205, 1209 (6th Cir. 1982); Tamari v. Conrad, 552 F.2d 778, 780-81 (7th Cir. 1977); Shrader v. NASD, Inc., 855 F. Supp. 122, 123-24 (E.D.N.C. 1994), aff'd, 54 F.3d 774 (4th Cir. 1995) (unpublished per curiam). Like judicial and quasi-judicial immunity, arbitral immunity is necessary to protect decisionmakers from undue influence, and the decision-making process from attack by dissatisfied litigants. Austern, 898 F.2d at 886; Corey, 691 F.2d at 1211. The courts also agree that to give effect to these underlying policies, arbitral immunity extends beyond arbitrators themselves to organizations that sponsor arbitrations. Austern, 898 F.2d at 886-87; Corey, 691 F.2d at 1211; Shrader, 855 F. Supp. at 124; Cort v. American Arbitration Ass'n, 795 F. Supp. 970, 972-73 (N.D. Cal. 1992). Without this extension, arbitral immunity would be almost meaningless because liability would simply be shifted from individual arbitrators to the sponsoring organizations. Austern, 898 F.2d at 886; Corey, 691 F.2d at 1211. Arbitral immunity protects all acts within the scope of the arbitral process. Austern, 898 F.2d at 886.

-2-

Olson argues the NASD's appointment of Hentges was not within the scope of the arbitral process because it occurred before the decision-making process began. The appointment of arbitrators is a necessary part of arbitration administration, however, and thus is protected by arbitral immunity. Austern, 898 F.2d at 884; Corey, 691 F.2d at 1208; Cort, 795 F. Supp. at 972. Olson also asserts arbitral immunity does not apply because the appointment of Hentges violated the NASD's own rules. We reject this contention as well. A sponsoring organization is immune from civil liability for improperly selecting an arbitration panel, even when the selection violates the organization's own rules. Austern, 898 F.2d at 884, 886; Corey, 691 F.2d at 1208, 1211; see Cort, 795 F. Supp. at 972-73.

Our decision does not leave Olson without redress for the NASD's appointment of a possibly biased arbitrator. Courts can vacate tainted arbitration decisions under 9 U.S.C. § 10. See Corey, 691 F.2d at 1211; see also L & H Airco, Inc. v. Rapistan Corp., 446 N.W.2d 372, 374, 377 (Minn. 1989) (involving analogous Minnesota law). Indeed, Olson has already sought vacation of the arbitration decision under § 10 and prevailed. Olson, 51 F.3d at 160. Thus, Olson will receive a new arbitration proceeding free from actual or perceived bias. L & H Airco, 446 N.W.2d at 377.

Having reviewed the issue de novo, we conclude the NASD is immune from liability for sponsoring the tainted arbitration proceeding. We thus affirm the district court's dismissal of Olson's claims against the NASD.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-