# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1422

_____

| | | |
|---|---|---|
| Brian L. Honn, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| National Association of Securities | * | |
| Dealers, Inc., | * | |
| | * | |
| Appellee. | * | |
| | * | Appeal from the United States |
| Securities and Exchange Commission; | * | District Court for the |
| Arthur Levitt, Commissioner Chairman; | * | District of Minnesota |
| J. Carter Beese, Commissioner; Linda | * | |
| Schaprio, Commissioner; Richard Y. | * | |
| Roberts, Commissioner; Isaac C. Hunt, | * | |
| Jr., Commissioner; Norman Johnson, | * | |
| Commissioner; Steven M.H. Wallman, | * | |
| Commissioner; United States of | * | |
| America, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted:  December 14, 1998

Filed:  July 23, 1999

_____

_____

Before McMILLIAN, LAY and HALL,[1] Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Brian L. Honn appeals from a final order entered in the United States District Court[2] for the District of Minnesota adopting the Report and Recommendation of the magistrate judge[3] and dismissing Honn's claims against the National Association of Securities Dealers (NASD) pursuant to Fed. R. Civ. P. 12(b)(6). Honn v. National Assoc. of Securities Dealers, No. 3-96-182 (D. Minn. Sept. 17, 1997) (order adopting magistrate judge's report and recommendation). For reversal, Honn argues, among other things, that the district court erred in holding that the NASD is protected by arbitral immunity, which would entitle NASD to judgment as a matter of law on all of Honn's claims for relief. For the reasons set forth below, we affirm the order of the district court.

_____

[1]The Honorable Cynthia Holcomb Hall, United States Circuit Judge for the Ninth Circuit, sitting by designation.

[2]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

[3]The Honorable Arthur J. Boylan, United States Magistrate Judge for the District of Minnesota.

## Jurisdiction

Jurisdiction was proper in the district court based upon 28 U.S.C. § 1331. Jurisdiction is proper in this court based upon 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

## Background

Honn, a licensed securities broker, worked for R.J. Steichen & Co. (Steichen), a brokerage firm which is a member of the NASD. As an employee of Steichen, Honn was required to sign the standard NASD Form U-4 agreement, which contains a clause requiring that any legal disputes arising out of the employment be arbitrated either through the NASD or through Steichen's stock exchange, if any. Steichen was not a member of a stock exchange at the time of Honn's employment.

On June 16, 1993, after leaving his employment with Steichen, Honn sought arbitration of claims against Steichen and its president, John R. Feltl, including a claim that they had wrongfully put a false, negative comment in Honn's employment record on their NASD Form U-5 disclosure, which is available to the public. Honn's claims were presented to a panel of NASD-appointed arbitrators, and the arbitrators awarded Honn monetary relief. Honn was dissatisfied with the arbitrators' determination of damages and brought an action in Minnesota state court to vacate the arbitration award on grounds that an NASD employee had improperly testified as a witness for Steichen and that an NASD staff attorney had engaged in improper communications with one of the arbitrators. The state court vacated the award, and a second arbitration was scheduled. Thereafter, upon learning that the NASD had provided the second panel of arbitrators with documents revealing the amount of damages awarded by the first panel, Honn successfully moved in the state court to have the second panel disqualified, and a third panel appointed. Honn then learned that Steichen had lined up a new witness who was a *former* employee of NASD.

Honn again sought relief from the state court, asserting that the arbitration would be improperly tainted by the new witness's testimony on behalf of Steichen and that NASD had refused to provide him with relevant information about the witness's past relationship with Steichen. The state court dismissed the third panel and stayed the arbitration pending resolution of the present action in federal district court.

Honn had, meanwhile, filed the present action in federal district court alleging various federal constitutional and statutory claims and state common law claims against NASD for allegedly depriving him of a fair and expeditious disposition of his claims against Steichen and Feltl. NASD moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), and the matter was referred to the magistrate judge for a recommended disposition. Honn v. NASD, slip op. at 12 (Aug. 14, 1997) (hereinafter Report & Recommendation). Upon review of the parties' legal arguments, the magistrate judge concluded that NASD's motion to dismiss should be granted because NASD is protected by arbitral immunity. Id. at 5-6 (citing Olson v. National Assoc. of Securities Dealers, 85 F.3d 381 (8th Cir. 1996) (Olson) (affirming on the basis of arbitral immunity dismissal of claims against NASD), and Austern v. Chicago Bd. of Options Exchange, 898 F.2d 882 (2d Cir.) (Austern) (affirming on basis of arbitral immunity dismissal of claims against the Chicago Board Options Exchange, Inc.), cert. denied, 498 U.S. 850 (1990)). The magistrate judge additionally opined that: Honn has no private cause of action under the Securities Exchange Act for NASD's alleged failure to enforce or enact rules and regulations, id. at 6-8; NASD is not a state actor subject to liability for constitutional violations, id. at 8-9; NASD is implicitly exempt from antitrust liability as a matter of law, id. at 9-10; and Honn has failed as a matter of law to state a claim of tortious interference with contracts or business relations, id. at 10-12. The magistrate judge recommended that NASD's motion to dismiss be granted. Id. at 12.[4] The district court adopted the magistrate

---

[4]The magistrate judge explained that, although the parties had submitted matters outside the pleadings, those matters were "excluded from the court's

judge's report and recommendation and dismissed the complaint with prejudice. (Hereinafter the findings and conclusions of the magistrate judge are attributed to the district court.)  Honn appealed.

**Discussion**

> "We review the dismissal of a complaint for failure to state a claim upon which relief could be granted *de novo*, affirming the district court if there is no provable set of facts that would entitle the plaintiff to the requested relief.  In so doing, we construe the complaint liberally, taking all factual allegations as true.  It is well settled that "we may affirm the district court's judgment on any basis supported by the record."

Wisdom v. First Midwest Bank, 167 F.3d 402, 406 (8th Cir. 1999) (citations omitted).

Honn argues that the district court erred in holding that NASD is entitled to arbitral immunity in the present case.  He contends that the district court created a new and legally erroneous standard for applying arbitral immunity, based on whether the conduct in question was "in connection with" the arbitration process, rather than whether or not "the action [was] necessary for the forum sponsoring the arbitration."  Brief for Appellant at 21.  Honn maintains that, because he alleged that the *"non-arbitration arm"* of the NASD acted improperly, his claims are based upon actions that were not necessary to, and outside the scope of, NASD's arbitration-sponsoring role.  Honn argues that this case is distinguishable from Olson, and Austern v. Chicago Bd. of Options Exchange, 898 F.2d 882 (2d Cir.) (Austern), cert. denied, 498

---

consideration as factual evidence regarding the merits of the arguments" and, thus, Honn's motion to dismiss was not treated as a motion for summary judgment.  Honn v. National Assoc. of Securities Dealers, No. 3-96-182, slip op. at 1 & n.2 (D. Minn. Aug. 14, 1997) (hereinafter Report & Recommendation).

U.S. 850 (1990), because in neither of those cases was there an allegation that the non-arbitration arm of the NASD committed the wrongdoing. See Brief for Appellant at 21. He cites as analogous to the present case Mireles v. Waco, 502 U.S. 9 (1991), in which the Supreme Court held that judicial immunity did not protect a judge in performing a function not normally performed by judges. He further argues, as policy matters, that granting arbitral immunity in this case will only encourage NASD to continue favoring its members in arbitration, while denying arbitral immunity in this case will not adversely affect the arbitral process because his claims are based upon conduct outside of NASD's arbitration-sponsoring role. Honn also suggests that he will never receive a fair arbitral hearing as a result of NASD's past misconduct. On the one hand, he argues, he will appear to any new panel to have slept on his rights; on the other hand, if he explains the long delay to the new panel, they may be influenced by the knowledge that NASD employees were witnesses for Steichen.

"Arbitral immunity protects all acts within the scope of the arbitral process." Olson, 85 F.3d at 382 (citing Austern, 898 F.2d at 886). In Olson, we explained that, "[l]ike judicial and quasi-judicial immunity, arbitral immunity is necessary to protect decisionmakers from undue influence, and the decision-making process from attack by dissatisfied litigants." Id. (citing Austern, 898 F.2d at 886). Arbitral immunity extends to organizations, such as the NASD, that sponsor arbitrations. Id. (citing Austern, 898 F.2d at 886).

The plaintiff in Olsen, much like Honn, argued that arbitral immunity did not apply to his claims because they were based upon conduct outside the scope of the arbitral process. In that case, the plaintiff maintained that the appointment of arbitrators was outside the scope of the arbitral process. In rejecting that argument, this court held that "[t]he appointment of arbitrators is a necessary part of *arbitration administration . . .* and thus is protected by arbitral immunity." Id. at 383 (emphasis added) (citing Austern, 898 F.2d at 884). In the present case, Honn's claims all arise out of alleged misconduct by the NASD in selecting or allowing certain witnesses to

testify in the arbitration, in forwarding materials to the arbitrators, and in formulating and delivering responses to Honn's subpoenas in connection with the arbitration. Upon careful review of Honn's detailed allegations of misconduct by the NASD, see Brief for Appellant at 17-18, we conclude that the NASD was performing functions that were necessary to arbitration administration at the time of the alleged wrongdoing, and therefore NASD's acts were within the scope of the arbitral process. Thus, even if NASD carried out those functions improperly, the NASD is protected by arbitral immunity because the acts upon which Honn's claims are based were taken while NASD was carrying out its normal administrative functions. Cf. Mireles v. Waco, 502 U.S. at 11-13 (in determining whether judicial immunity applies, court looks to "the particular act's relation to a general function normally performed by a judge"). Honn has received legal redress by having the original arbitration award vacated and each tainted panel of arbitrators dismissed. Contrary to Honn's argument, we do not believe that the procedural history of this matter forces upon him a Hobson's choice between two unacceptable alternatives. A new panel of arbitrators can be informed that the delay resulted from errors committed by the NASD and protracted litigation, none of which was caused by Honn himself. No details of the prior proceedings need be disclosed to the panel. As the district court concluded, "[Honn] has no recourse through this federal action and must make use of the arbitration process that NASD is apparently prepared to implement once again." Report & Recommendation at 6. Therefore, upon *de novo* review, we hold that the NASD is entitled to arbitral immunity in the present case.[5]

## Conclusion

For the reasons stated, the order of the district court dismissing Honn's complaint against the NASD is affirmed.

---

[5]Having fully disposed of this case on the basis of arbitral immunity, we need not reach the other issues raised on appeal.

A true copy.

Attest:

   CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.