Paul HIGDON and Alice
Higdon, Appellants,

v.

CONSTRUCTION ARBITRATION
ASSOCIATES, LTD.,
Appellee.

No. 2001–CA–000842–MR.

Court of Appeals of Kentucky.

March 1, 2002.

David W. Williams, Williams Law Office, Simpsonville, KY, for Appellants.

T. Sherman Riggs, Mathis, Riggs & Prather, P.S.C., Shelbyville, KY, for Appellee.

Before DYCHE, JOHNSON, and KNOPF, Judges.

*OPINION*

KNOPF, Judge.

Paul and Alice Higdon appeal from a summary judgment of the Shelby Circuit Court, entered March 21, 2001, dismissing their claim for damages against Construction Arbitration Associates, Ltd. (CAA), a company that provides arbitration services to, among others, the parties to home-building contracts. The Higdons allege that a CAA-appointed arbitrator mishandled their dispute with their home builder and that as a result they have wrongfully incurred substantial repair expenses. In dismissing the Higdons' complaint, the trial court relied upon the doctrine of arbitral

immunity. The Higdons contend that this doctrine ought not to apply in Kentucky, but that even if it does it was misapplied in this case. On both points, however, we agree with the trial court and therefore affirm.

In *Olson v. National Association of Securities Dealers*,[1] a case similar to the one before us, the Eighth Circuit Court of Appeals explained the arbitral-immunity doctrine as follows:

> Because an arbitrator's role is functionally equivalent to a judge's role, courts of appeals have uniformly extended judicial and quasi-judicial immunity to arbitrators.... Like judicial and quasi-judicial immunity, arbitral immunity is necessary to protect decisionmakers from undue influence, and the decisionmaking process from attack by dissatisfied litigants.... The courts also agree that to give effect to these underlying policies, arbitral immunity extends beyond arbitrators themselves to organizations that sponsor arbitrations.... Without this extension, arbitral immunity would be almost meaningless because liability would simply be shifted from individual arbitrators to the sponsoring organizations.... Arbitral immunity protects all acts within the scope of the arbitral process.[2]

Although no Kentucky appellate decision has addressed the arbitral-immunity doctrine, we agree with the trial court's conclusion that the doctrine is applicable in this state. Our courts have recognized the doctrine of quasi-judicial immunity, to which arbitral immunity is often compared.[3] And this state's Uniform Arbitration Act[4] clearly intends that valid arbitration agreements be effectively enforced,[5] an intention furthered by the recognition and frustrated by the non-recognition of arbitral immunity, as described above. We hold, therefore, that arbitrators and their sponsoring organizations are immune from liability in damages for all acts within the scope of the arbitral process.

We further agree with the trial court that, under this doctrine, CAA is entitled to summary judgment. There is no dispute about the underlying facts. In March 1994, a CAA arbitrator heard a claim by the Higdons against T & T Cheynoweth, Inc., a company that had undertaken to build the Higdons' house. The Higdons sought damages and repairs for what they alleged were defects in the construction. On the day of the arbitration, the builder raised a counterclaim for monies allegedly owing. The arbitrator awarded both parties partial relief, with the balance in favor of the builder. Pursuant to KRS 417.160, the Higdons sought review of this award in circuit court. The circuit court affirmed it, and apparently the Higdons did not appeal. About a year later, in July 1999, the Higdons filed the present action against

---

1. 85 F.3d 381 (8th Cir.1996).

2. *Id.* at 382–83 (citations omitted); *see also Austern v. Chicago Board Options Exchange, Inc.*, 898 F.2d 882 (2d Cir.), cert. denied, 498 U.S. 850, 111 S.Ct. 141, 112 L.Ed.2d 107 (1990); *International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and Its Locals 656 and 985 v. Greyhound Lines, Inc.*, 701 F.2d 1181 (6th Cir.1983); *Corey v. New York Stock Exchange*, 691 F.2d 1205 (6th Cir.1982); *Feichtinger v. Conant*, 893 P.2d 1266 (Alaska 1995).

3. *Horn v. Commonwealth of Kentucky, Judicial Branch, Administrative Office of the Courts*, Ky., 916 S.W.2d 173 (1995); *Stone v. Glass*, Ky.App., 35 S.W.3d 827 (2000).

4. KRS 417.045–417.220.

5. *Kodak Mining Company v. Carrs Fork Corporation*, Ky., 669 S.W.2d 917 (1984); *Conseco Finance Servicing Corporation v. Wilder*, Ky. App., 47 S.W.3d 335 (2001).

CAA. They contend that the arbitrator violated the terms and conditions of the arbitration by entertaining the builder's untimely counterclaim and by grossly underestimating the extent to which their house needed repairs. Immunity should not apply, they maintain, because the arbitrator's alleged mistakes occurred outside the scope of his authority. We disagree.

Even assuming that the arbitrator erred in the manner alleged, his decisions were well within the scope of the arbitral process; they were, in other words, the sort of procedural and factual determinations an arbitrator will commonly be called upon to make. If the Higdons believed that the arbitrator made them badly, which is what they allege, their remedy was an action for review of the award, a remedy they have already received. We sympathize with the Higdons' dissatisfaction with that remedy, but, as noted above, dissatisfaction with the result of an arbitration is not a sufficient ground to overcome an arbitrator's or the sponsoring organization's immunity. The trial court's application of that doctrine here was correct, and, because the Higdons' claim was thus completely resolved as a matter of law, the award of summary judgment was appropriate.[6] We affirm.

ALL CONCUR.

---

**6.** *Steelvest, Inc. v. Scansteel Service Center,* *Inc.,* Ky., 807 S.W.2d 476 (1991).