IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---------------------

No. 02-30615

Summary Calendar

---------------------

ANDREW JASON; IRVIN ROSS, SR.;

ARMAND DINET, II; RUDOLPH WILLIAMS,

Plaintiffs-Appellants,

versus

AMERICAN ARBITRATION ASSOCIATION, INC.;

UNIDENTIFIED PARTY,

Defendants-Appellees.

-------------------

Appeal from the United States District Court

for the Eastern District of Louisiana

USDC No. 02-0474

-------------------

March 7, 2003

Before  BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellants claims that the district court improperly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissed their breach of contract and negligence claims against appellee for their alleged failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Appellants averred that the appellee failed to administer an arbitration in which they were the non-prevailing party in a fair and equitable manner. The district court held that appellee was entitled to arbitral immunity, and appellants' claims were therefore barred. We agree.[**]

We review the district court's dismissal of a complaint for failure to state a claim upon which relief can be granted de novo. *Beanal v. Freeport-McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir. 1999). We must determine whether the district court correctly held that when viewed in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint nonetheless failed to state any valid claim for relief. *Id.*

Judicial immunity has been adapted to protect the arbiter in the dispute resolution process in this Circuit, as well as in all other federal courts of appeal that have considered the

---

[**]Appellants' argument regarding the constitutionality of the Federal Arbitration Act was not raised in the district court, and is therefore not considered on appeal. *Nissho-Iwai Am. Corp. V. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 n.1 (5th Cir. 1994).

question.*** *Hawkins v. Nat'l Ass'n of Sec. Dealers, Inc.,* 149 F.3d 330 (5th Cir. 1998)(*per curiam*). Arbitral immunity "is essential to protect decision-makers from undue influence and the process from reprisals by dissatisfied litigants." *New England Cleaning Serv., Inc. v. Am. Arbitration Ass'n,* 199 F.3d 542, 545 (1st Cir. 1999). The organizations that sponsor arbitrations are entitled to immunity from civil liability as well with regard to the tasks that they perform that are integrally related to the arbitration. *Id. See also Hawkins,* 149 F.3d at 332 (granting the NASD arbitral immunity from civil liability for the acts of its arbitrators). Appellee's refusal to disqualify the arbitrator in appellants' arbitration falls within the scope of the immunity. *See New England Cleaning Serv., Inc.,* 199 F.3d at 545 (holding that arbitrator selection is sufficiently related to the arbitration process to qualify for arbitral immunity); *Olson v. National Ass'n of Securities Dealers,* 85 F.3d 381, 383 (8th Cir. 1996)(same). That appellee may have violated its internal rules in denying appellants' motion for recusal is immaterial. *See Olson,* 85 F.3d at 383. The district court properly held that

---

***New England Cleaning Servs., Inc. v. AAA*, 199 F.3d 542, 545 (1st Cir. 1999); *Honn v. Nat'l Ass'n of Sec. Dealers,* 182 F.3d 1014, 1018 (8th Cir. 1999); *Shrader v. NASD, Inc.,* 855 F.Supp. 122, 123-24 (E.D.N.C. 1994), *aff'd,* 54 F.3d 774 (4th Cir.1995) (unpublished *per curiam*); *Austern v. Chicago Bd. Options Exch., Inc.,* 898 F.2d 882, 886 (2d. Cir. 1990); *Wasyl, Inc. v. First Boston Corp.,* 813 F.2d 1579, 1582 (9th Cir.1987); *Corey v. New York Stock Exchange,* 691 F.2d 1205, 1208-11 (6th Cir. 1982); *Tamari v. Conrad*, 552 F.2d 778, 780 (7th Cir. 1977).

appellants' suit is barred under the doctrine of arbitral immunity.

Accordingly, the judgment of the district court is AFFIRMED.