**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1455**

BURMAN Y. MATHIS,

                Plaintiff – Appellant,

     v.

DAVID S. GOLDBERG, Esq.; STUART MUNTZING SKOK,

                Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Chief District Judge. (8:12-cv-01777-DKC)

Submitted: August 13, 2013      Decided: August 26, 2013

Before KING, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Burman Y. Mathis, Appellant Pro Se. James Edward Dickerman, Lauren Elizabeth Marini, ECCLESTON & WOLF, PC, Hanover, Maryland; James Xavier Crogan, Jr., SCHENKER, KRAUSE, CROGAN & LOPEZ, Owings Mills, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Burman Mathis brought this civil action in the district court seeking damages from the arbitrator and a witness who testified in state arbitration proceedings related to Mathis' divorce. The district court granted the Defendants' motions to dismiss or for summary judgment. We affirm.

Some of Mathis' claims are, in essence, an attempt to challenge the results of the arbitration proceeding. He twice sought to challenge that proceeding in state court. The first action resulted in a state court decision confirming the arbitration agreement, and Mathis entered into a settlement agreement in the second state court action. Lower federal district courts generally are not empowered to review state court proceedings, and this case provides no exception to the general rule. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291-92 (2005); District of Columbia Ct. of App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

We next address Mathis' claims for damages arising from the Defendants' conduct during the arbitration proceedings, rather than the result of the proceedings. Those claims are not barred by the Rooker-Feldman doctrine. See Davani v. Virginia

Dep't of Transp., 434 F.3d 712, 713 (4th Cir. 2006). However, we conclude that these claims lack merit.[1]

Defendant Goldberg, the arbitrator, is immune from damages because he was acting in a quasi-judicial capacity. See Gill v. Ripley, 724 A.2d 88, 92 (Md. 1999) (recognizing the common law doctrine of judicial immunity); see also Olson v. Nat'l Ass'n of Secs. Dealers, 85 F.3d 381, 382 (8th Cir. 1996) (noting that courts of appeals have uniformly extended judicial and quasi-judicial immunity to arbitrators; collecting cases). Similarly, it long has been established that witnesses are absolutely immune from damages for their testimony given in legal proceedings. Briscoe v. LaHue, 460 U.S. 325, 335-36 (1983). Therefore, Defendant Skok is immune from damages as well.[2]

Mathis also asserts that the district court erred in denying his motion for judicial notice and a hearing, his

---

[1] The district court analyzed these claim under the doctrine of non-mutual collateral estoppel. Although we express no disagreement with this analysis, we may affirm on any basis apparent on the face of the record. See MM ex rel. DM v. School Dist. of Greenville County, 303 F.3d 523, 536 (4th Cir. 2002).

[2] We note that Defendant Skok did not raise a defense of immunity in the district court. In any event, the claim against her is meritless. Mathis cannot make out a claim for fraud because he has not made a plausible showing that he relied to his detriment on the testimony of Skok, a witness for his ex-wife, and reliance is an essential element of fraud. Gross v. Sussex Inc., 630 A.2d 1156, 1161 (Md. 1993).

request for sanctions, and his motion to recuse.  We affirm the denial of these motions based on the reasoning of the district court.  Mathis v. Goldberg, No. 8:12-cv-01777-DKC (D. Md. Mar. 25, 2013).

In sum, finding no error, we affirm.  We deny leave to file a "CD supplement."  We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this Court and argument will not aid the decisional process.

AFFIRMED

4