# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-1055

_____

Timothy Owens

*Plaintiff - Appellant*

v.

American Arbitration Association, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 20, 2016
Filed: November 18, 2016
[Unpublished]

_____

Before MURPHY, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Plaintiff Timothy Owens sued the American Arbitration Association (AAA) for removing an arbitrator from an arbitration panel that had issued him an award.

The district court[1] dismissed Owens' claims based on arbitral immunity. Owens appeals, and we affirm.

## I.

Timothy Owens was the president and CEO of Voyager Bank. After Voyager terminated him, Owens filed for arbitration against Voyager before the AAA. The law firm of Anthony Ostlund Baer & Louwagie represented Owens, and the firm of Lindquist & Vennum represented Voyager. AAA chose a three member arbitration panel that included Allen Saeks. After the three arbitrators disclosed possible conflicts of interest, Saeks filed a supplemental disclosure in which he said that he had been "briefly consulted" by an attorney at his firm about an already resolved matter in which both Anthony Ostlund and Lindquist & Vennum had been involved. No party to the arbitration sought more information about Saeks' disclosures or objected to the arbitration panel.

The arbitration panel issued an initial award of more than $3 million to Owens. Voyager then claimed that Saeks had been more involved in the earlier matter than he had disclosed. AAA did not have a published procedure governing removal of an arbitrator. It ordered Owens to respond to Voyager's claims and not contact any of the arbitrators. AAA did not hold a hearing, consult Saeks, or inform Owens about the procedure for deciding Voyager's claim before it removed Saeks from the arbitration panel without explanation. The two remaining arbitrators then issued a final award in Owens' favor.

Next, Owens and Voyager filed cross motions in Hennepin County District Court, one to confirm the award and one to vacate it. The district court decided to

---

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

-2-

vacate the arbitration award, and then Owens sued AAA in state court for breach of contract, unjust enrichment, tortious interference with contract, and tortious interference with prospective economic advantage. AAA removed the case to federal court, where the district court determined that Owens' claims were barred by arbitral immunity. AAA's motion to dismiss was granted, and Owens now appeals.

II.

We review the district court's grant of a motion to dismiss de novo, assuming the facts alleged in the complaint are true. Badrawi v. Wells Fargo Home Mortg., Inc., 718 F.3d 756, 758 (8th Cir. 2013). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Arbitrators can be entitled to immunity because their role in deciding disputes is "functionally equivalent" to the role of judges. Olson v. Nat'l Ass'n of Sec. Dealers, 85 F.3d 381, 382 (8th Cir. 1996). Courts extend immunity to arbitrators to protect them from "undue influence" and the arbitration process "from attack by dissatisfied litigants." Id. Arbitral immunity may extend "to organizations that sponsor arbitrations" and "all acts within the scope of the arbitral process" are protected. Id. at 382-83.

In Olson, the plaintiff sued an arbitration sponsoring organization for allegedly appointing a biased arbitrator. 85 F.3d at 382. We affirmed the dismissal of the plaintiff's claims and concluded that arbitral immunity bars claims against a sponsoring organization based on the appointment of a biased arbitrator. Id. at 383. We also concluded that a sponsoring organization is entitled to immunity even if a claim arises from the organization's failure to follow its own rules when selecting an arbitration panel. Id. Such immunity is broad and protects sponsoring organizations from civil liability at all stages of the arbitration process. Id.; see also Honn v. Nat'l Ass'n of Sec. Dealers, Inc., 182 F.3d 1014, 1017-18 (8th Cir. 1999). The appointment

of arbitrators is protected because it is an important part of the arbitral process. <u>Olson</u>, 85 F.3d at 383.

We conclude that the removal of arbitrators is similarly protected by arbitral immunity because it is just as much a part of the arbitration process as the appointment of arbitrators.  Because Owens' claims are barred by arbitral immunity, the district court did not err in dismissing his action.  For these reasons we affirm the judgment of the district court.

_____