**SOUTHWEST PARKE EDUCATION AS- SOCIATION, Appellant-Defendant,**

v.

**SOUTHWEST PARKE COMMUNITY SCHOOL TRUSTEES CORPORATION, BOARD OF SCHOOL TRUSTEES, Appellee-Plaintiff.**

No. 1–481A131.

Court of Appeals of Indiana, First District.

Nov. 17, 1981.

Rehearing Denied Dec. 31, 1981.

See 429 N.E.2d 675.

Richard J. Darko, Bayh, Tabbert & Capehart, Indianapolis, Kipling N. White, White, White & Bray, Covington, for appellant-defendant.

Clelland Hanner, Hanner & Hanner, Rockville, William M. Evans, Bose, McKinney & Evans, Indianapolis, for appellee-plaintiff.

RATLIFF, Judge.

## STATEMENT OF THE CASE

The defendant-appellant Southwest Parke Education Association ("the association") brings this appeal from the judgment of the Fountain Circuit Court confirming its earlier judgment, which had vacated an arbitrator's award in favor of the association, and confirming a supplemental award of the arbitrator in favor of the plaintiff-appellee Southwest Parke Community School Trustees Corporation, Board of School Trustees ("the board"). We reverse.

## FACTS

During the 1977–78 school year, Steve Kaufman was employed by the board as a teacher. On April 26, 1978, the board purportedly voted not to renew Kaufman's contract at the end of the school year. Kaufman filed a grievance under the collective bargaining agreement between the board and the association. His grievance rested upon two grounds: (1) the board's vote on April 26, 1978, to dismiss him did not comply with part of the General School Powers Act, Ind.Code 20–5–3–2(6), ("the vote issue") and (2) his dismissal violated §§ 3.100 and 3.1000 of the collective bargaining agreement, which provided, in essence, that the board would not violate any teacher's constitutional, statutory, or contractual rights or discriminate against any teacher because of his participation in activities of the association ("the discrimination issue").

Pursuant to the collective bargaining agreement, the grievance was submitted for arbitration. On April 27, 1979, Arbitrator Harry J. Dworkin issued his award ("the original award") in which he directed that Kaufman be reinstated and reimbursed for lost earnings. The arbitrator found that the board's vote dismissing Kaufman was invalid, and, consequently, he deemed it unnecessary to decide the discrimination issue.

The board filed suit to have the award vacated pursuant to Ind.Code 34–4–2–13(a)(3), which provides that the court shall vacate the award where the arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision. The board moved for summary judgment, and the association filed a cross-motion for summary judgment and to confirm the award. The trial court ruled in favor of the board on its motion and against the association on its cross-motion and set aside, or vacated, the arbitrator's award on March 26, 1980. The court concluded that the board's vote satisfied the requirements of IC 20–5–3–2(6) and that the arbitrator had erroneously construed Indiana law and thereby exceeded his authority. The board consisted of five members, four of whom were present at the April 26, 1978, meeting at which the dismissal vote was taken. The vote was two to one in favor of dismissal. According to the court, the arbitrator had construed the law to mean that a quorum consisted of a majority, or three or more members, that any action would require the vote of a majority of the members, or three, and that the action of the board was null and void because fewer than three voted in favor of dismissal. The court found that the president of the board had abstained, it being the practice of the president to abstain except in the case of a tie vote among the other board members. The court concluded that the president's failure to vote was an acquiescence in, and a consent to, the action of the board. The court further determined that a majority of the board constitutes a quorum and a majority of the quorum can act. In this case, the court

said, a quorum was present, and a majority of the board voted not to renew Kaufman's contract.

The association filed a motion to correct errors in which it alleged that the trial court erred in failing to remand the case to the arbitrator for a determination of the discrimination issue and that the court erred in concluding that the arbitrator had exceeded his authority and in vacating his award. The court sustained the motion insofar as it requested that the case be remanded to the arbitrator for a determination of the discrimination issue, but the remainder of the motion was denied. However, the court expressly vacated its order of March 26, 1980, and stated it would retain jurisdiction of the matter pending the arbitrator's determination.

On September 23, 1980, the arbitrator filed his supplemental award in which he found that there was substantial, probative evidence of Kaufman's deficiencies as a teacher to support the board's decision to dismiss him. The trial court entered judgment on October 27, 1980, confirming the supplemental award and also "confirming" the portion of its March 26, 1980, judgment dealing with the vote issue. The association filed another motion to correct errors, alleging error in the court's confirming its March 26, 1980, judgment with respect to the vote issue. This second motion to correct errors was denied.

## ISSUES

The association presents the following issues for our review:

"1. Whether the Court exceeded its jurisdiction under the Uniform Arbitration Act, I.C. 34–4–2–13, in reviewing and vacating the final and binding award of the arbitrator for an alleged error of law.

"2. Whether, even if the Court had jurisdiction under the Uniform Arbitration Act to review the award of the arbitrator for an alleged error of law, any error of law was actually made by the arbitrator in his interpretation of the General School Powers Act, I.C. 20–5–3–2(6)."

## DISCUSSION AND DECISION

Before we can address the issues raised by the association, we must consider certain contentions raised by the board in its appellee's brief. The board, in essence, asserts that the association waited too long to bring this appeal and that the association invited error on the part of the trial court by persuading the court to remand the matter to the arbitrator. The board concludes that the trial court's judgment should be affirmed.

■ The board contends, first, that the arbitrator's award of April 27, 1979, was final and that the judgment of March 26, 1980, vacating that award was an appealable order. However, even if the association had intended to appeal the March 26 judgment immediately, it would have had to file a motion to correct errors, which it did in this case. See Ind.Code 34–4–2–19(a)(5) and (b); Ind.Rules of Procedure, Appellate Rules 2(A), 3(B), and 7.2(A)(1)(a). Had the motion been denied, the association would have had to file its praecipe within thirty days of the ruling, A.R. 2(A), and the record of the proceedings within ninety days, A.R. 3(B), in order to present any assignment of errors for our review.

However, the trial court sustained the association's motion to correct errors with regard to the contention that the case should be remanded to the arbitrator because he failed to determine whether Kaufman was dismissed due to his activities in the association. The motion was denied with regard to the association's contentions concerning the "legal question," i. e., the validity of the board's dismissal vote. Nevertheless, the trial court expressly vacated its March 26, 1980, judgment while retaining jurisdiction of the matter pending the arbitrator's determination of the reason for the dismissal. Thus, the "final" judgment of March 26 was vacated and was replaced with a remand order.

It is true that an order by the trial court granting or denying a motion to correct errors is a final, appealable judgment. Indiana Rules of Procedure, Appellate Rule

4(A). Here the ruling on the motion to correct errors vacated the objectionable judgment and remanded the case to the arbitrator, although it stated that the part of the motion to correct errors directed to the court's determination that the arbitrator erred on the vote issue was denied. The association could have appealed the court's partial denial of the motion to correct errors at that point. A.R. 4(A). However, in light of the court's equivocal behavior in denying the motion to correct errors on the vote issue while vacating the prior judgment, we do not believe that justice would be served by holding that the association waived its right to appeal on the vote issue by not appealing immediately after the ruling on the motion to correct errors. *Cf. Donahue v. Watson,* (1981) Ind.App., 413 N.E.2d 974, *trans. denied.* (Trial court found defendant liable for attorney fees but did not award them until after appeal on the merits had been taken; held, that trial court impliedly reserved jurisdiction on attorney fees question and later appeal of that award was proper.) The association had obtained a remand and had apparently obtained a vacation of the objectionable judgment, and it reasonably could have concluded that no appeal was necessary at that time.

■ The board further argues that, rather than seeking a remand on the discrimination issue in its motion to correct errors, the association should have applied for a correction of the award by the arbitrators within twenty days after delivery of the award under Ind.Code 34–4–2–10. The board then asserts that neither of the grounds for correction of the award by the arbitrators, Ind.Code 34–4–2–14(a)(1)[1] and (a)(3),[2] was available here and that the court was, therefore, without power to resubmit the matter to the arbitrator.

We will not fault the association for not seeking a remedy to which it was not entitled. Furthermore, we disagree that the court could only send the case back to the

arbitrator under the circumstances described in IC 34–4–2–14(a)(1) and (a)(3). The arbitrator originally concluded that the board's vote of dismissal was invalid and, therefore, believed it unnecessary to decide the discrimination question. The court in its March 26, 1980, judgment determined that the vote was valid and set aside the award. That judgment appeared to resolve the issue of the validity of the vote, but it did not dispose of Kaufman's grievance because the discrimination question had not been decided by either the arbitrator or the court. Consequently, as we have already noted, it was appropriate that the board filed a motion to correct errors directed to both the undecided discrimination question and the court's allegedly incorrect determination that the vote was valid. The court denied the motion to the extent that it challenged the court's ruling on the vote issue, so it was appropriate that the court should remand the case to the arbitrator for a determination of the other aspect of Kaufman's grievance, the discrimination issue.

■ Next the board points out that Ind. Code 34–4–2–19(a)(5) permits an appeal to be taken from "an order vacating an award without directing a rehearing ...." It argues that the trial court here ordered a "resubmission" for a ruling on the undisputed evidence in the record on a matter distinct from the award which was vacated and that the trial court did not order a "rehearing" as contemplated by IC 34–4–2–19(a)(5). Consequently, the board concludes that the resubmission did not toll the time limit for an appeal to this court after the trial court vacated the arbitrator's award.

The board cites no authority for its assumption that a "rehearing" is distinguishable from what the board calls a "resubmission" or from what the trial court meant when it ordered "[t]hat this matter be remanded to ... arbitrator ... to determine the grievance herein in a manner not incon-

---

1. Where there is evident miscalculation of figures or mistakes in a description.

2. Where there is an imperfection in a matter of form in the award but the merits of the controversy are not affected.

sistent with the findings of this court with respect to the question of law here involved" (*i. e.*, the question of the validity of the board's vote). The court's ruling on the motion to correct errors does not suggest that the arbitrator was limited to considering evidence previously submitted in deciding the discrimination question. Indiana Code 34–4–2–13(c) permits a court vacating an award to order a rehearing before the original arbitrator where the award is vacated because the arbitrator exceeded his "powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted," IC 34–4–2–13(a)(3), which is the situation which the trial court apparently believed existed. No definition of "rehearing" is given in the Indiana Uniform Arbitration Act, Ind.Code 34–4–2–1 through 34–4–2–22. We see no reason why the court's remand order is not authorized by IC 34–4–2–13(c). Consequently, the association was not obligated to appeal prior to the arbitrator's second award.

■ Finally, the board maintains that the association invited error on the part of the trial court by requesting a remand in its motion to correct errors instead of simply arguing that the court's ruling with regard to the board's vote was erroneous and, if the court denied the motion to correct errors, appealing to this court. We have already explained why the association acted reasonably in awaiting the outcome of the remand before appealing. However, the board analogizes the situation here to one in which a party to an administrative proceeding rejects an opportunity to test the procedural correctness of the administrative order, waits to see what the outcome on the merits will be, and then induces a trial court to follow an incorrect procedure which leads to an unfavorable result. The board cites *Moran v. Miller*, (1926) 198 Ind. 429, 153 N.E. 890, in this regard.

In *Moran*, the appellants complained that the statute which made the circuit court's review of the state fire marshal's order final was unconstitutional. The supreme court observed that the appellants had re-

lied upon rights of appeal provided by the same statute from the deputy state fire marshal's order to the state fire marshal and from the state fire marshal's order to the circuit court. In the case at bar, however, the association has not challenged the validity of the procedural rules under which it sought confirmation of the arbitrator's original award in the trial court or moved to correct trial court errors or by which it is requesting judicial review in this court. Instead, the association is challenging the jurisdiction of the trial court to vacate the arbitrator's original award on the basis of error of law as well as the correctness of the trial court's interpretation of the law which the arbitrator had applied. *Moran v. Miller* is inapposite.

Both parties have submitted as additional authority the recent case of *Breeze v. Breeze*, (1981) Ind., 421 N.E.2d 647. The supreme court held in *Breeze* that after the trial court has altered, amended, or supplemented its findings or judgment in response to a motion to correct errors, the parties may either appeal immediately or file another motion to correct errors. Had the association's second motion to correct errors been filed within 60 days of the ruling on its first motion to correct errors, *Breeze* would be controlling here. However, because the trial court purportedly vacated its March 26, 1980, judgment and remanded the case to the arbitrator, we conclude that *Breeze* did not limit the association's choices to either appealing immediately or filing a second motion to correct errors immediately.

*Issue One*

■ The association asserts that the trial court did not have jurisdiction to review and vacate the arbitrator's original award. It contends that the only ground which the board asserted and upon which the trial court ordered the award vacated was that the arbitrator committed an error of law in finding that the board's vote not to renew Kaufman's contract was not sufficient under a provision of the General School Powers Act, IC 20–5–3–2(6), and that the arbitrator thereby exceeded his authority. The

association maintains that error by an arbitrator in his interpretation of the law is not a ground upon which an award may be reviewed and vacated.

In granting summary judgment in favor of the board on its motion to vacate the award, the trial court issued findings and conclusions. In Conclusion No. 4, the court said: "The Arbitrator's Award was based on an erroneous construction of the applicable Indiana law, and was legally void and defective and thereby exceeded the authority, jurisdiction and power of the Aribtrator [sic]." The rest of the court's conclusions dealt mainly with its explanation of Indiana law regarding voting by school boards and why the court determined that the board's vote in this case was sufficient to meet legal requirements for action by the board.

Because the trial court vacated the arbitrator's award and it is undisputed that the Indiana Uniform Arbitration Act[3] applies to this case, our review is limited to a determination of whether the trial court properly found that one of the grounds for vacation listed in IC 34–4–2–13 exists. *See State v. Sightes*, (1981) Ind.App., 416 N.E.2d 445, *trans. denied*. It is apparent that the trial court relied upon IC 34–4–2–13(a)(3) in vacating the award. That provision states as follows: "(a) Upon application of a party, the court shall vacate an award where: . . . (3) the arbitrators exceeding [sic] their powers and the award can not be corrected without affecting the merits of the decision upon the controversy submitted; . . . ." However, that provision on its face says nothing about error of law or erroneous interpretation of the law by the arbitrator; the same is true of the other four paragraphs of IC 34–4–2–13(a). Thus, IC 34–4–2–13 does not permit the vacation of an arbitrator's award for erroneous interpretation of the law unless that section is judicially interpreted to include such a ground.

In the recent case of *School City of East Chicago v. East Chicago Federation of Teachers, Local # 511*, (1981) Ind.App., 422 N.E.2d 656 (transfer pending), this court had occasion to consider whether an award could so exceed the arbitrator's authority that it would be void and, therefore, subject to collateral attack (*i. e.*, subject to attack after the ninety-day period for applying to vacate the award under Ind.Code 34–4–2–15 has expired). In that case the arbitrator had awarded punitive damages to the teachers' union for the school's unintentional violation of a provision of a contract settlement reached by the parties. This court ultimately held that the award of punitive damages was void and, consequently, was subject to collateral attack.

In reaching that conclusion, the court in *School City of East Chicago* commented upon certain matters which are material to the case at bar. The court noted that where an agreement contains a broad arbitration clause (*i. e.*, one which establishes few, if any, limitations on the arbitrator's authority), the general rule in this country is that the arbitrator is not bound by principles of substantive law. The reason for this rule is that "part of what the parties have bargained for is dispute resolution based upon the sense of equity or fairness of an impartial umpire who is familiar with their problems and who should not be constrained by legal technicalities." 422 N.E.2d at 662. Judge Garrard, writing for the court, then considered the potential effects of an arbitrator's error of law upon the award:

"Where an arbitration agreement does not, itself, constrain the arbitrator's authority and the arbitrator does not 'follow the law' it would appear that three choices are available to a reviewing court. The error may be disregarded as within the authority of the arbitrator. It may form the basis of a direct attack to vacate or modify the award. It may void the award as being beyond the jurisdiction of the arbitrator. Which choice should be made depends upon the nature of the error. Since many errors will fall into the category of not being grounds for any modification of the award, it follows that some public policy element must be

---

**3.** Ind.Code 34–2–1–1 through 34–4–2–22.

brought to bear before an error can be 'promoted' into the second category.[13] What then may constitute the third category, then at issue in the school's claim before us?

Having surveyed the authorities we conclude that where the arbitrator has jurisdiction of the case and of the parties it is only where he affords a form of relief that public policy does not permit the parties to voluntarily agree to, that he so acts beyond his jurisdiction that the award is void and subject to collateral attack. *Garrity v. Lyle*, [40 N.Y.2d 354, 386 N.Y.S.2d 831, 353 N.E.2d 793] *supra*; note, 58 Nw.U.L.Rev. 545."

*Id.* In footnote 13, Judge Garrard observed that a number of decisions have acknowledged "manifest disregard of the law" to be a ground for vacating an award.

If the arbitrator committed an error of law in the case before us, it must fall into either the first or the second of the three categories outlined in *School City of East Chicago*, because the trial court, in vacating the original award, found the arbitrator's interpretation of the law, rather than the relief granted, to be faulty.

Other states have adopted the Uniform Arbitration Act, and § 10 of the federal arbitration statute, 9 U.S.C. §§ 1 through 14, is similar to IC 34–4–2–13. Pursuant to Ind.Code 34–4–2–21, the Indiana Uniform Arbitration Act is to "be so construed as to effectuate its general purpose to make uniform the law of those states which enact similar arbitration statutes."

The courts of other states which have adopted the Uniform Act and which have in their acts a provision similar to IC 34–4–2–13[4] agree that generally an arbitrator's mistake of law or erroneous interpretation of the law does not constitute an act in excess of the arbitrator's powers. *See, e. g., Smitty's Super-Valu, Inc. v. Pasqualetti*, (1974) 22 Ariz.App. 178, 525 P.2d 309; *Freeport Construction Co. v. Star Forge, Inc.*, (1978) 61 Ill.App.3d 999, 19 Ill.Dec. 57, 378 N.E.2d 558; *Board of Directors of Maine School Administrative District # 33 v. Teachers' Association of Maine School Administrative District # 33*, (1978) Me., 395 A.2d 461; *School Committee of West Springfield v. Korbut*, (1977) 373 Mass. 788, 369 N.E.2d 1148; *Grudem Bros. Co. v. Great Western Piping Corp.*, (1973) 297 Minn. 313, 213 N.W.2d 920; *Northwestern Security Ins. Co. v. Clark*, (1968) 84 Nev. 716, 448 P.2d 39; *Carolina Virginia Fashion Exhibitors, Inc. v. Gunter*, (1979) 41 N.C.App. 407, 255 S.E.2d 414. Federal courts of appeals have taken a similar position. *See, e. g., National Railroad Passenger Corp. v. Chesapeake & Ohio Railway Co.*, (7th Cir. 1977) 551 F.2d 136; *Office of Supply, Gov. of Republic of Korea v. New York Navigation Co.*, (2d Cir. 1972) 469 F.2d 377; *San Martine Compania De Navegacion, S.A. v. Saguenay Terminals, Ltd.*, (9th Cir. 1961) 293 F.2d 796.

As Judge Garrard suggested in *School City of East Chicago, supra*, manifest disregard of the law has been acknowledged to be an exception to the general rule that mistake of law is not a ground upon which an award may be vacated under 9 U.S.C. § 10. *See, e. g., Office of Supply v. New York Navigation, supra; San Martine v. Saguenay Terminals, supra.* The application of this exception, however, is severely limited. *Office of Supply v. New York Navigation, supra.* Manifest disregard of the law occurs "when arbitrators understand and correctly state the law, but proceed to disregard the same." *San Martine v. Saguenay Terminals*, 293 F.2d at 801. Other, similar exceptions to the general rule have been recognized: Gross errors of judgment in law which are apparent on the face of the award, *Garver v. Ferguson*, (1979) 76 Ill.2d 1, 27 Ill.Dec. 773, 389 N.E.2d 1181; mistake in applying the arbitrator's own theory, *Fischer v. Guaranteed Concrete Co.*, (1967) 276 Minn. 510, 151 N.W.2d 266; clear illegality, *Carolina Virginia Exhibitors v. Gunter, supra.*

Assuming, for the sake of argument, that the arbitrator in the case at bar did erroneously interpret Indiana law in deciding that

4. Uniform Arbitration Act, § 12.

the board's dismissal vote was invalid, such error does not amount to a manifest disregard of the law or any of the similar exceptions to the general rule which we have noted above. Rather, the arbitrator's findings, opinion, and award indicate not only a knowledge of the applicable law and facts, but also a conscientious attempt to apply the law to the facts. In particular, he quoted IC 20–5–3–2(6) and interpreted it to mean that a majority of the board members constituting the quorum must vote in order for the vote to be an official action of the board. He further observed that, because four of the five board members were present, there was a quorum at the meeting in question. He determined that only two of the four members present—less than a majority—voted in favor of not renewing Kaufman's contract, and that one voted against the resolution and one abstained. He concluded that the vote was not a valid resolution to terminate Kaufman's contract. We find no indication that the arbitrator disregarded the applicable law.

Consequently, none of the grounds for vacation of the award under IC 34–4–2–13 was shown. Thus, the trial court exceeded its jurisdiction in vacating the original award of April 27, 1979. Accordingly, we reverse the judgment of October 27, 1980, and order the trial court to reinstate and confirm the original award.

*Issue Two*

Because of our resolution of Issue One, it is unnecessary to determine whether the arbitrator correctly decided the vote issue.

Reversed and remanded.

NEAL, P. J., and ROBERTSON, J., concur.