**Ron DROSCHA, Appellant–Plaintiff,**

v.

**Scott SHEPHERD and Fort Wayne Area Association of Realtors, Appellees–Defendants.**

No. 52A02–1001–PL–26.

Court of Appeals of Indiana.

Aug. 3, 2010.

Jim Brugh, Logansport, IN, Attorney for Appellant.

John E. Kolas, Hannon Kolas & Centers, Indianapolis, IN, Attorney for Appellee Scott Shepherd.

E. Franklin Hill, Jr., Fort Wayne, IN, Attorney for Appellee Fort Wayne Area Association of Realtors.

## OPINION

BRADFORD, Judge.

Appellant–Plaintiff Ron Droscha appeals the trial court's granting Indiana Trial Rule 12(B)(6) motions to dismiss in favor of Appellees–Defendants Scott Shepherd and the Fort Wayne Area Association of Realtors ("Association") following Droscha's action against them to vacate Shepherd's arbitration award. Upon appeal, Droscha argues that his allegations state a claim upon which relief can be granted against each party. We affirm.

### FACTS AND PROCEDURAL HISTORY

The lengthy factual and procedural history of this case is largely without dispute. Droscha and Shepherd are real estate brokers in Miami County. Droscha does business under the name Century 21 Creative Realtors. Shepherd does business under the name Spear Real Estate, Inc. The Association is composed of real estate brokers who do business in the Allen County area. Both Droscha and Shepherd are members of the Miami County Board of

Realtors ("Board") and are required to arbitrate disputes which arise between members concerning brokers' commissions related to the sale of real estate.

Prior to June 18, 2004, Shepherd had listed a parcel of commercial property for sale in Miami County. The parcel's address was 1050 Industrial Parkway, Peru, Indiana; the parcel consisted of 5.67 acres and was improved with commercial buildings. The list price was $1,295,000. Shepherd acted as agent for the owner of the property, Nielsen Indiana Investment, LLC. Shepherd and Nielsen had executed an agency contract related to the proposed sale of the commercial parcel. Shepherd created a multiple listing agreement offering a cooperating broker two percent of the sales price.

Also prior to June 18, 2004, John Guyer, who operates a moving business, saw Shepherd's name as a person to contact on the commercial property's "for sale" sign. Guyer contacted Shepherd, who showed the property to Guyer and members of the Guyer family business. Guyer and Shepherd had no written agreement memorializing an agency relationship. Guyer made no offer to Shepherd related to the possible purchase of the parcel.

On June 18, 2004, Guyer solicited the services of Droscha's associate Terry Alley to represent Guyer's interest in the possible purchase of the parcel. That same day, Alley and Droscha entered into an exclusive agency contract with Guyer in which Alley and Droscha agreed to represent Guyer as the buyer. Also on June 18, 2004, Guyer, through his agent Alley, made his initial purchase offer to the seller's agent Shepherd in the amount of $650,000. Negotiations ensued, and on July 27, 2004, Guyer agreed to purchase Nielsen's property for $928,928. Guyer considered Alley to be his agent throughout these negotiations. The sale was concluded on September 15, 2004, and the brokers' commission was divided equally between Alley and Shepherd, with Alley's Company, Century 21, receiving $18,578.57 and Shepherd's company, Spear Realty, receiving $18,578.56.

Shepherd subsequently filed a grievance with the Board, contending that the entire commission belonged to him and that Alley and Droscha should pay him their $18,578.57. The Board's grievance committee referred the matter to arbitration. The arbitration panel conducted a hearing on August 17, 2005, and ultimately awarded Shepherd $9,289.28. Droscha and Alley requested a procedural review, and on December 6, 2005, the Board affirmed the arbitration panel's award.

Droscha and Alley filed suit against Shepherd and the Board to set aside the arbitration award. Following a trial, on November 12, 2007, the trial court vacated the arbitration award in Cause No. 52C01–0512–PL–603 and ordered the appointment of a panel of qualified arbitrators. In its order, the trial court provided specific instructions for new arbitration proceedings. The Miami County Board, which was unable to establish a new arbitration panel, requested that the Indiana Association of Realtors ("IAR") do so. The IAR delegated the arbitration first to the Metropolitan Indianapolis Board of Realtors ("MIBOR") and later to the Association.

The Association established an arbitration panel which conducted a hearing on April 14, 2009. Prior to the hearing, Droscha apparently challenged the qualifications of the panel members and was assured in letters dated December 8 and 9, 2008, that four named members had commercial experience. The Association contends that at the hearing, Droscha did not question the panel members regarding the extent of their commercial experience and indicated his belief that the hearing had

been conducted fairly. The arbitrators ultimately entered an award of $18,578.57 in favor of Shepherd.

According to Droscha, the April 14, 2009 arbitration proceedings did not follow the trial court's November 12, 2007 instructions. The Association contends that Droscha did not enter them into evidence. Droscha apparently requested a procedural review, at which panel chairperson Gething allegedly reported that the panel did not consider the court's instructions and opined that the court had misinterpreted certain applicable "Standards of Practice." After allegedly summarily dismissing Droscha's additional claim that the matter never should have been delegated to the Association in the first place, the review panel affirmed the arbitration panel's award.

On September 17, 2009, Droscha petitioned the trial court to vacate the arbitrators' award, naming both Shepherd and the Association as parties. Following motions to dismiss by both the Association and Shepherd for failure to state a claim upon which relief could be granted, the trial court granted each defendant's motion and dismissed the action. This appeal follows.

## DISCUSSION AND DECISION

### I. Standard of Review [1] and Applicable Law

■■■ A motion to dismiss for failure to state a claim tests the legal sufficiency of the claims, not the facts supporting it. *Charter One Mortg. Corp. v. Condra*, 865 N.E.2d 602, 604 (Ind.2007). Thus, our review of a trial court's grant or denial of a motion based on Trial Rule 12(B)(6) is de novo. *Id.* When reviewing a motion to dismiss, we view the pleadings in the light most favorable to the nonmoving party, with every reasonable inference construed in the nonmovant's favor. *Id.* A complaint may not be dismissed for failure to state a claim upon which relief can be granted unless it is clear on the face of the complaint that the complaining party is not entitled to relief. *Id.* All allegations must be accepted as true, and it is the appellate court's duty to determine whether the underlying complaint states "any set of allegations upon which the court below could have granted relief." *Stoffel v. Daniels*, 908 N.E.2d 1260, 1266 (Ind.Ct.App.2009) (internal quotation omitted). Dismissal of a complaint under Trial Rule 12(B)(6) is disfavored generally because such motions undermine the policy of deciding causes of action on their merits. *Id.* at 1266–67.

■■■ Droscha raises his challenges under the Uniform Arbitration Act, Indiana Code sections 34–57–2–1 through –22 (2009). Judicial review of arbitration awards is very narrow in scope. *Fiducial Inv. Advisors v. Patton*, 900 N.E.2d 53, 60 (Ind.Ct.App.2009). "An award should only be set aside when one of the grounds specified by the Uniform Arbitration Act for vacation of an award is shown." *Id.* (quotation omitted). A party who seeks to vacate an arbitration award under the Uniform Arbitration Act bears the burden of proving the grounds to set aside the award. *Id.* The role of an appellate court in reviewing an arbitration award is limit-

---

1. Droscha additionally cites the recent change to the standard for reviewing Federal Rule of Civil Procedure 12(B)(6), which requires a complaint to contain factual allegations "enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true."

*State v. Am. Fam. Voices, Inc.*, 898 N.E.2d 293, 296 n. 1 (Ind.2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Apart from listing this standard, Droscha does not contend that it is, or should be, applicable. Accordingly, we rely upon the Indiana standard.

ed to determining whether the defendant has established any of the grounds for challenge permitted by the Uniform Arbitration Act. *Id.*

Indiana Code section 34–57–2–13 provides for a court's vacation of an arbitration award as follows:

(a) Upon application of a party, the court shall vacate an award where:

(1) the award was procured by corruption or fraud;

(2) there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

(3) the arbitrators exceeded their powers and the award can not be corrected without affecting the merits of the decision upon the controversy submitted;

(4) the arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 6 of this chapter, as to prejudice substantially the rights of a party; or

(5) there was no arbitration agreement and the issue was not adversely determined in proceedings under section 3 of this chapter (or IC 34–4–2–3 before its repeal), and the party did not participate in the arbitration hearing without raising the objection;

but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

## II. Analysis

### A. The Association

The Association argues that the trial court properly dismissed Droscha's action against it because it has arbitral immunity. In support of this proposition the Association points to federal authority recognizing such immunity, including *Olson v. Nat. Ass'n of Sec. Dealers,* 85 F.3d 381 (8th Cir.1996). In recognizing arbitral immunity for both arbitrators and organizations which sponsor arbitrations, the *Olson* court observed that an arbitrator's role is "functionally equivalent to a judge's role," and that federal courts of appeals have uniformly extended judicial and quasi-judicial immunity to arbitrators. *Id.* at 382; *see Tamari v. Conrad,* 552 F.2d 778, 780–81 (7th Cir.1977). According to the *Olson* court, arbitral immunity, like judicial and quasi-judicial immunity, is necessary to protect decisionmakers from undue influence, and the decision-making process from attack by dissatisfied litigants. 85 F.3d at 382. As the *Olson* court further observed, federal courts agree that, in order to give effect to these underlying policies, it is necessary for arbitral immunity to extend beyond arbitrators themselves to organizations that sponsor arbitrations. *Id.* Indeed, "[w]ithout this extension, arbitral immunity would be almost meaningless because liability would simply be shifted from the individual arbitrators to the sponsoring organizations." *Id.* at 383. Based upon the federal scheme, arbitral immunity protects all acts within the scope of the arbitral process. *Id.*

While judicial and/or quasi-judicial immunity in Indiana has not previously been extended to arbitrators and their sponsors, we see no reason why it should not be. It is well-settled that judges are entitled to absolute judicial immunity for all actions taken in the judge's judicial capacity, unless those actions are

taken in the complete absence of any jurisdiction. *Mendenhall v. City of Indpls.*, 717 N.E.2d 1218, 1226 (Ind.Ct.App.1999), *trans. denied.* The underlying purpose of the immunity is to preserve judicial independence in the decision-making process. *Id.* The same policies that underlie the grant of absolute judicial immunity to judges justify the grant of immunity to non-judicial officers who perform quasi-judicial functions. *Id.* Absolute judicial immunity therefore extends to persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune. *Id.* In determining whether a person is entitled to the benefit of judicial immunity, we use the functional approach established by the United States Supreme Court and look to the nature of the function performed, not the identity of the person who performed it. *Id.*

██ Here, there is no dispute that the Association established the panel of arbitrators. There is similarly no dispute that the basis for Droscha's claim relates to the Association's appointment of a panel and the panel's performance of its official decision-making function in addressing Droscha's fees dispute with Shepherd.[2] Droscha's claims are ultimately challenges to the Association's decision-making function with respect to the overall arbitration process and are therefore akin to judicial or quasi-judicial functions subject to immunity. Significantly, Droscha's claim seeks to vacate the arbitration panel's award, a cognizable means of redress which can be achieved through his action against Shepherd alone. While Droscha seeks also to "chastise" and instruct the Association,

this remedy is presumably inherent in any vacation of the award, the means of redress Droscha already seeks. *See Olson*, 85 F.3d at 383 (observing that arbitral immunity against claim for alleged appointment of possibly biased arbitrator did not leave the plaintiff without redress in light of remedy that arbitration decision could be vacated). Given the decision-making function at issue and the availability of alternative means of redress, we conclude that Droscha's claim is akin to an attack on a decision-making body's judicial or quasi-judicial function, for which Indiana law traditionally recognizes immunity. Accordingly, we follow *Olson* in observing arbitral immunity in the instant case. The trial court did not err in dismissing Droscha's claim against the Association on Rule 12(B)(6) grounds.

### B. Shepherd

#### 1. Representative Peer Panel

██ The trial court also dismissed Droscha's claims against Shepherd. Droscha's complaint challenged, *inter alia*, the make-up of the arbitration panel, which Droscha contended did not constitute a representative peer panel. In support of his challenge Droscha cited section 51(A) of the Code of Ethics and Arbitration Manual ("CEAM"), which requires that issues involving real estate, like this case, be considered by a representative peer panel. Droscha also cited Indiana Code section 34–57–2–13(a)(4), which provides for vacation of an arbitration award by a court if "the arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence mate-

---

**2.** Droscha contends that the Association is somehow a real party in interest because he was bound by his contract with the Miami County Board of Realtors to submit his grievance to arbitration, and the Association succeeded the Miami County Board. We are unable to see how a successor board which participates on the decision-making side of the arbitration process somehow becomes a party to the underlying fees dispute.

rial to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 6 of this chapter, as to prejudice substantially the rights of the party[.]" On appeal, Droscha claims that his challenge to the peer review panel is a cognizable claim under section 34–57–2–13(a)(4) because it affected the manner in which the hearing was conducted and substantially prejudiced his rights.

 Contrary to Droscha's argument, the plain language of section 34–57–2–13(a)(4) does not encompass his challenge to the peer review panel. In fact, subsection (a)(4) permits vacation of an award by the court where the arbitrators conduct the hearing "contrary to the provisions of section 6 of this chapter," as to prejudice substantially the rights of a party. *See* Ind.Code § 34–57–2–13(a)(4). Indiana Code section 34–57–2–6 (2009) merely addresses administrative matters such as the time, place, notice, and procedure necessary for an arbitration hearing. Apart from making provision for absent arbitrators, it says nothing about the proper qualifications for panel members—or challenges to such qualifications—nor does it prescribe a method by which persons are properly appointed to an arbitration panel. Accordingly, we cannot conclude that Droscha's challenge to the peer review panel is a recognized basis for a court to vacate an arbitration award pursuant to Indiana Code section 34–57–2–13(a)(4). To the extent that Droscha also relies upon Indiana Code section 34–57–2–4 (2009), which requires that the appointment of arbitrators follow the method of appointment provided for in an arbitration agreement, there is no suggestion in either this statutory provision or section 34–57–2–13 that noncompliance permits a court to vacate the arbitration award. We find no error in the trial court's dismissal of this claim under Trial Rule 12(B)(6).

### 2. Exceeding Powers

 Droscha next argues that the trial court erred in granting Shepherd's motion to dismiss with respect to his claim that the arbitration panel exceeded its power. According to Droscha, the arbitration panel manifestly disregarded the law of limited agency, including the requirement that a person acting as a limited agent have the written consent of all parties. *See* Ind.Code § 25–34.1–10–12 (2009). In support of his claim, Droscha points to Indiana Code section 34–57–2–13(a)(3), which permits a court to vacate an award where the arbitrators "exceeded their powers and the award can not be corrected without affecting the merits of the decision upon the controversy submitted[.]" As Droscha points out, one ground upon which arbitrators can be said to have exceeded their powers occurs when there has been a manifest disregard for the law. *S.W. Parke Educ. Ass'n v. S.W. Parke Cmty. Sch. Trs. Corp., Bd. of Sch. Trs.,* 427 N.E.2d 1140, 1147 (Ind.Ct.App.1981). This is a "severely limited" exception, however, and requires that an arbitrator understand and correctly state the law, but proceed to disregard it. *See id.* As a general matter, an arbitrator's mistake of law or erroneous interpretation of the law does not constitute an act in excess of the arbitrator's powers. *Id.*

 To the extent Droscha's claim is based upon the panel's alleged misinterpretation of the particulars of the law of limited agency, including whether certain agreements between certain parties must be in writing, we cannot conclude that such interpretation, however erroneous, demonstrates a manifest disregard for the law. To the extent that Droscha's claim is based upon the arbitration panel's alleged failure to consider the trial court's orders to consider the parties' contractual relationships,

he fails to allege that the panel was ever aware of these orders before it disregarded them. The panel was not a party to the action at the time of the trial court's judgment, and Droscha fails to allege that the orders were introduced as an exhibit or otherwise used to inform the panel. We find no error.

### 3. Partiality

 Droscha claims that he is entitled to relief on the grounds that the panel was not impartial. In support of his claim, Droscha points to Indiana Code sections 34–57–2–13(a)(2), which permits vacation of an arbitration award by a court in cases where the arbitrator is partial. Droscha's claim on this point is based upon the panel's allegedly ignoring the trial court's orders on remand and one panel member's alleged view that the court had misinterpreted the Code of Ethics and Standards of Practice. The panel's alleged failure to follow the trial court's instructions on remand and its view that these instructions reflected a misinterpretation of certain standards does not demonstrate that the panel was specifically biased or impartial. Indeed, as we found in Part II(B)(2), above, Droscha fails to allege that the panel was even aware of these orders. Without specific facts supporting the panel's alleged inability to be neutral, we conclude that Droscha's claim on this ground was properly dismissed.[3]

### 4. Misconduct

 Droscha additionally argues that the panel committed misconduct which prejudiced his rights and warrants judicial relief. In support of his claim, Droscha points again to Indiana Code section 34–57–2–13(2), which permits a court to vacate an award where there is misconduct prejudicing the rights of any party. In alleging that misconduct occurred, Droscha focuses upon the appointment of the Association by the IAR after MIBOR indicated it could not provide a panel. Droscha contends that the Association's appointment occurred too late in time to require the parties to continue to submit to arbitration, that he raised this complaint before the panel, and that the panel summarily dismissed the issue, violating his due process rights. Droscha presents no authority suggesting that alleged legal errors with respect to the assessment of constitutional rights necessarily involves *mens rea* and rises to the level of misconduct. Misconduct in the context of section 34–57–2–13(2) is akin to corruption or impartiality. ("[T]he court shall vacate an award where ... there was evident *partiality* by an arbitrator appointed as a neutral or *corruption* in any of the arbitrators or *misconduct* prejudicing the rights of any party[.]" (emphasis supplied)). The mere allegation that due process rights were violated does not establish a claim of misconduct. We find no error in the trial court's dismissal of Droscha's claim on this ground.

### 5. Frivolous Claim

Droscha lastly points to Indiana Code section 34–52–1–1 (2009), apparently in support of his claim for attorney's fees. Section 34–52–1–1 provides for attorney's fees in civil actions where the trial court finds that an action or defense on a claim is frivolous, unreasonable, or groundless. We have concluded that the trial court

---

**3.** To the extent that Droscha's impartiality claim relies upon Indiana Code section 34–57–2–13(a)(4), we conclude, based upon the same reasoning employed in Part II(B)(1) of this opinion, that subsection (a)(4) is not a catchall provision and does not provide relief on the nonspecific ground that the hearing prejudiced substantially the rights of the parties.

correctly dismissed Droscha's action, demonstrating that any action by Shepherd in defending against this action was not frivolous, unreasonable, or groundless. We find no error on this ground.

### III. Conclusion

Having concluded that both Shepherd's and the Association's motion to dismiss were properly granted, we affirm the trial court's judgment granting each defendant's motion to dismiss on Rule 12(B)(6) grounds.

The judgment of the trial court is affirmed.

RILEY, J., and MATHIAS, J., concur.