## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 31 2018, 9:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kevin L. Martin
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin L. Martin,

*Appellant-Plaintiff,*

v.

Hon. Nancy Vaidik, Charles Dugan, Makenzy Gilbert, and Greg Pachmayr,

*Appellees-Defendants*

December 31, 2018

Court of Appeals Case No. 18A-CT-1980

Appeal from the Sullivan Circuit Court

The Honorable Robert E. Hunley, II, Judge

Trial Court Cause No. 77C01-1804-CT-283

**Baker, Judge.**

[1] Kevin Martin filed a complaint against a judge of this Court, two employees of the Department of Correction (DOC), and the court clerk. Martin now appeals, arguing that the trial court erred by dismissing his complaint. Finding no error, we affirm.

[2] Martin is currently serving sentences for murder, battery, and battery by bodily waste. He filed a petition for post-conviction relief from his murder conviction in St. Joseph County; on December 1, 2017, his petition was denied. On December 16, 2017, Martin filed a notice of appeal regarding the denial of his petition for post-conviction relief. On January 4, 2018, he unsuccessfully filed his brief, which had incorrect pagination, lacked page headers, and included documents not permitted. Martin filed three other defective briefs on February 7, March 5, and March 22, 2018.

[3] On March 29, 2018, this Court issued an order that gave Martin a final extension to April 13, 2018, to file a brief and appendix free of defects. The order advised Martin that failure to comply could result in summary dismissal of his appeal. On April 4, 2018, Martin tendered a fifth brief with the same defects. On May 1, 2018, this Court ordered the appeal dismissed with prejudice because of Martin's failure to file a defect-free brief and appendix. The dismissal order was signed by Chief Judge Vaidik.

[4] On June 6, 2018, Martin filed a complaint in Sullivan County against Chief Judge Vaidik, DOC employees Charles Dugan and Makenzy Gilbert, and Greg Pachmayr, the clerk of the court (collectively, the Appellees). Martin alleged

that he gave certain paperwork, which apparently was his brief and a motion for a new trial, to Dugan, a facility case worker; that Gilbert, a clerical assistant, could corroborate this allegation; that Pachmayr rejected the brief and motion; and that Chief Judge Vaidik misused the power of the court and was biased against him because he had filed a complaint against her. Martin sought release from prison and punitive damages. On July 13, 2018, the Appellees filed a motion to dismiss pursuant to Indiana Trial Rule 12(B)(1) and (6). On July 13, 2018, Martin filed an opposing motion. On August 3, 2018, the trial court ordered Martin's complaint dismissed. Martin now appeals.

[5] Martin argues that the trial court erred by dismissing his complaint pursuant to Indiana Trial Rule 12(B)(1) and (6). Trial Rule 12(B)(1) allows for a dismissal of a complaint if there is a lack of subject matter jurisdiction. We review de novo a trial court's ruling on a motion to dismiss under Trial Rule 12(B)(1) where the facts before the trial court are undisputed. *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind. 2001). Trial Rule 12(B)(6) allows for a dismissal of a complaint if there is a failure to state a claim upon which relief can be granted. A motion to dismiss under Trial Rule 12(B)(6) "tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief." *Lockhart v. State*, 38 N.E.3d 215, 217 (Ind. Ct. App. 2015) (internal quotations omitted). We apply a de novo standard of review to a trial court's ruling on a Trial Rule 12(B)(6) motion to dismiss. *Id.*

[6] As for Martin's allegations against Dugan and Gilbert, the trial court found that no facts were alleged against them on which relief could be granted and that they are merely witnesses. We agree. Dugan allegedly mailed paperwork to the Court, and Gilbert was a witness who could corroborate that Dugan mailed that paperwork. Similarly, Martin alleged that Pachmayr rejected Martin's brief and motion for new trial. Indiana Trial Rule 8(A)(1) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Martin alleged no facts regarding Dugan, Gilbert, or Pachmayr that could be called a "claim" by which he would be entitled to relief. The trial court did not err by dismissing the complaint as it related to Dugan and Gilbert.

[7] Regarding Martin's allegations against Chief Judge Vaidik, the trial court found that the judge is immune for the actions alleged in the complaint. "It is well-settled that judges are entitled to absolute judicial immunity for all actions taken in the judge's judicial capacity, unless those actions are taken in the complete absence of any jurisdiction." *Droscha v. Shepherd*, 931 N.E.2d 882, 888-89 (Ind. Ct. App. 2010). Judicial immunity serves "to preserve judicial independence in the decision-making process." *Id.* at 889. A judicial officer is immune even when the action she took was in error or outside her authority. *Newman v. Deiter*, 702 N.E.2d 1093, 1098 (Ind. Ct. App. 1998). It seems that Martin alleges that Chief Judge Vaidik misused the power of the court and was biased against him. We note that Martin offers no facts to substantiate his allegation.

Regardless, Chief Judge Vaidik has judicial immunity. The trial court did not err by dismissing the complaint as it related to Chief Judge Vaidik.

[8] The judgment of the trial court is affirmed.

May, J., and Tavitas, J., concur.